UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stein Industries, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Display Specialties, Inc.,<br><br>Defendant. | 00-CV-2163 JMR/FLN |

## STIPULATED PROTECTIVE ORDER

Plaintiff Stein Industries, Inc. and Defendant Display Specialties, Inc. assert that they may possess confidential information in the form of trade secrets or other business, personal and/or technical information related to the subject matter of this litigation. Both parties recognize that it may be necessary to disclose that confidential information during the course of this litigation and they seek to limit disclosure and prevent the use of such information for purposes other than the prosecution and defense of this action. In addition, the parties contemplate that confidential information may be produced by non-parties. The parties hereby stipulate to the following terms of a protective order regarding confidential information, and request that the Court enter this Protective Order pursuant to Rules 26(c) and 37(b) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED THAT:

### Definitions

1. For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" is non-public information in oral or written form, which is justifiably treated by the producing party as confidential or proprietary technical, business, or personal information.

2. For purposes of this Protective Order, "HIGHLY CONFIDENTIAL INFORMATION" means CONFIDENTIAL INFORMATION, disclosure of which is likely to

FILED MAR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

have the effect of harming the producing party's or person's competitive position or the producing party's or person's standing and reputation in the community. By way of example, and not limitation, HIGHLY CONFIDENTIAL INFORMATION may include sales, costs, profit/losses, financing, business or strategic plans, marketing plans or assessments, market forecasts, new product ideas or developments, technical information relating to design, development, manufacture, assembly, marketing, and sale of products and "trade secrets or other confidential research, development, or commercial information" as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure.

**Qualification**

3. No item shall qualify for protection as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION if it is: (a) disclosed in a printed publication available to the public or trade by reason of dissemination by one having the unrestricted right to do so; (b) is generally known to the trade and public; (c) comes to be known to the trade and public through no act, fault, failure of the receiving party, or means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order; (d) is independently developed by the receiving party; (e) is lawfully in the receiving party's possession at the time of disclosure; (f) is lawfully obtained by a party independently of this litigation; or (g) is received at a later date by the receiving party from a third party who has the right to make such a disclosure. The terms CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall include all information, documents and things incorporating or reflecting CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION including copies, summaries, compilations, abstracts, notes, derivatives, photographs, negatives, blow-ups, exhibits, and similar things.

**Designation**

4. Either party may declare that any paper, document, record, pleading, response to discovery, deposition testimony or other material containing information belonging to it or a third party to contain or be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION. Non-parties who have been subpoenaed to testify or produce documents may likewise declare that any deposition testimony or document or thing produced contains or is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and such non-parties shall have the same rights as the parties to this litigation.

5. Whenever the production of a document or thing involves disclosure of information that the producing party deems to be CONFIDENTIAL INFORMATION subject to this Protective Order, the producing party shall mark clearly and prominently on its face, including each designated page of a multi-page document, the legend "CONFIDENTIAL INFORMATION."

6. Whenever the production of a document or thing involves disclosure of information that the producing party deems to be HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order, the producing party shall mark clearly and prominently on its face, including each designated page of a multi-page document, the legend "HIGHLY CONFIDENTIAL INFORMATION."

7. If information to be treated in confidence is contained in deposition, trial, or other testimony, the transcript may be designated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with this Protective Order. A party or non-party shall designate the transcript as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing within ten (10) days of receipt of the transcript. If notification is made on the record, the court reporter shall separately bind such portion and mark the transcript with an appropriate legend. If notification is made following the deposition, and if less than the entire deposition contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the notification shall include the specific pages and lines of the transcript that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Each party shall attach a copy of any such written notice or notices to the face of each and every copy of the transcript, and any extracts or

summaries thereof, in its possession, custody or control. All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing HIGHLY CONFIDENTIAL INFORMATION and subject to this Protective Order until ten (10) days after a transcript of the deposition is received by the deponent or counsel for the deponent. After the ten (10) day period has expired and in the absence of any notice on the record or written notice concerning the specific portions of the transcript that the producing party believes to contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the transcript shall be treated as a public document.

8. Any documents, things, or information that have been designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that are included with or the contents of which are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court shall be filed with the clerk of the court in a sealed envelope prominently marked with the notation:

CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL INFORMATION)
SUBJECT TO PROTECTIVE ORDER
Civil Action No. 00-CV-2163 JMR/FLN

THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS DISPLAYED, COPIED OR REVEALED
EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.

**Access to CONFIDENTIAL INFORMATION and**
**HIGHLY CONFIDENTIAL INFORMATION**

9. Access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be limited to those individuals identified in the following paragraphs and the Court, the jury, employees of the Court, court reporters who transcribe depositions in this case, and videographers who videotape depositions in this case.

10. In the absence of written permission from the producing party or further order of the Court, no CONFIDENTIAL INFORMATION shall be disclosed to any person other than:

(a) counsel of record for parties to this litigation (specifically excluding in-house counsel of either party, retained experts, consultants or advisors who are attorneys);

(b) persons employed in secretarial, clerical, or paralegal capacities in the offices of the counsel of record or in-house counsel who are assisting the counsel of record or in-house counsel in their preparation of this action, including outside vendors providing services such as photocopying, scanning, stenography, videography, graphics, and other litigation support services;

(c) no more than two (2) employees for each party, not employed for purposes of this litigation, whose cooperation or assistance is essential to enable the counsel of record for the parties to prepare for trial in this case;

(d) "Qualified Experts" (as defined below) retained to assist in this litigation;

(e) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action;

(f) authors, creators and previous recipients of the CONFIDENTIAL INFORMATION.

Under no circumstances shall CONFIDENTIAL INFORMATION of one party be provided to an employee, officer or director of the other party, with the exception of those employees, officers or directors identified in this paragraph. Under no circumstances shall CONFIDENTIAL INFORMATION of a non-party be provided to an employee, officer or director of either party, with the exception of those employees, officers or directors identified in this paragraph. Before any disclosure of CONFIDENTIAL INFORMATION to any individual described in this paragraph, other than those individuals described in subsection (e) of this paragraph, shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached as Exhibit A. Counsel of record for each party shall retain the original executed Exhibit A for each individual granted access to the CONFIDENTIAL INFORMATION of the other party or non-party. Counsel for the receiving party may disclose CONFIDENTIAL INFORMATION to a Qualified Expert who has been

approved by the producing party. Before any disclosure of CONFIDENTIAL INFORMATION to a Qualified Expert, the Qualified Expert shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached as Exhibit B. Counsel of record for each party shall retain the original executed Exhibit B for each Qualified Expert granted access to the CONFIDENTIAL INFORMATION of the producing party.

11. In the absence of written permission from the producing party or further order of the Court, no HIGHLY CONFIDENTIAL INFORMATION shall be disclosed to any person other than:

(a) attorneys of record for parties to this litigation (specifically excluding in-house counsel for the parties, retained experts, consultants or advisors who are attorneys);

(b) persons employed in secretarial, clerical, or paralegal capacities in the offices of the attorneys of record who are assisting the attorneys of record in their preparation of this action, including outside vendors providing services such as photocopying, scanning, stenography, videography, graphics, and other litigation support services;

(c) "Qualified Experts" (as defined below) retained to assist in this litigation;

(d) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action;

(e) authors, creators and previous recipients of the HIGHLY CONFIDENTIAL INFORMATION.

Under no circumstances shall HIGHLY CONFIDENTIAL INFORMATION of one party be provided to an employee, officer or director of the other party. Before any disclosure of or HIGHLY CONFIDENTIAL INFORMATION to any individual described in this paragraph, other than those individuals identified in subsection (d) of this paragraph, the individual shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached as Exhibit A. Counsel of record for each party shall retain the original executed Exhibit A for each individual granted access to the or HIGHLY CONFIDENTIAL INFORMATION of the other party or non-party.

12. Counsel for receiving party may disclose HIGHLY CONFIDENTIAL INFORMATION to a Qualified Expert who has been approved by the producing party. Before any disclosure of HIGHLY CONFIDENTIAL INFORMATION to a Qualified Expert, the Qualified Expert shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached as Exhibit B. Counsel of record for each party shall retain the original executed Exhibit B for each Qualified Expert granted access to the HIGHLY CONFIDENTIAL INFORMATION of the other party or non-party.

13. An outside (i.e., non-employee) expert witness or consultant of a party may become a Qualified Expert if: (a) the expert witness or consultant is first designated by written notice to the other party, which written notice shall include a copy of the expert witness or consultant's current *curriculum vitae* and or resume and a brief description of the expert witness or consultant's business occupation(s) and professional affiliations(s) for the five (5) year period preceding the date of the notice; (b) the expert witness or consultant executes the form attached to this Protective Order as Exhibit B and a copy is provided to all producing parties whose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is expected to be disclosed to the expert witness or consultant; and (c) the producing party does not object in writing to the expert or consultant's designation within five (5) business days of receipt of such notice. If the producing party objects to an expert witness or consultant's designation as set forth above, the parties shall meet and confer in a good faith effort to resolve the objection. This meeting shall occur within five (5) business days of the date the designating party receives notice of the objection to its designation, unless the parties agree in writing to extend the meet and confer period. It shall be the burden of the party objecting to the disclosure to prove that the disclosure should not be made. If the meet and confer does not resolve the pending objections to the designation, then the party objecting to an expert witness or consultant's designation must move this Court for a protective order within ten (10) business days of the conclusion of the meet and confer period, unless the parties agree in writing to extend the time within which such a motion must be filed. Should the objecting party fail to timely seek a protective order, the

objection shall be waived absent circumstances justifying relief from such waiver. Until any such objection is resolved by the parties or the Court, the designated expert or consultant shall be prohibited from having access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of the producing party.

14. Each Qualified Expert shall be responsible for his or her employees' compliance with this Protective Order.

15. This Protective Order shall not preclude either party from using an employee as an expert witness or consultant even if such employee is not a "Qualified Expert," but use of any such employee as an expert witness or consultant does not entitle such employee to have access to the other party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

**Use of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION**

16. A party or non-party whose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be discussed during a deposition has the right to exclude from the deposition room any persons to whom disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is not authorized under this Protective Order, but only during such time as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is being discussed.

17. All documents, materials, items, things, transcripts or information designated under this Protective Order shall be kept in such a manner as to ensure that access thereto is limited to the persons properly having access thereto under the terms of this Protective Order.

18. During any Court hearing or trial, subject to the rules of evidence and order of the Court, a party may use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for any purpose consistent with this Protective Order, including the introduction of such into evidence, provided that adequate prior notice of such use is given to the

producing parties to permit the producing party the opportunity to obtain appropriate protection from the Court.

19. Nothing in this Protective Order shall limit either party or any other person in the use of its, his or her own documents, things, and/or information for any purpose or from disclosing its, his or her own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any other person or from introducing such documents, things, and/or information into evidence at any Court hearing or trial.

20. All CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Protective Order shall be utilized solely and exclusively for this litigation and may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever. Use for purpose of this litigation shall include testimony and exhibits at trial, and in connection with motions, depositions, or witness preparation and counsel pre-trial investigations, subject to the restrictions of this Protective Order. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Protective Order shall not be used for or in connection with research, development, manufacture, sales or marketing of any product or service. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be used by opposing counsel to examine or cross-examine deposition or trial witnesses who are present or former officers, agents, employees, servants, attorneys, or Rule 30(b)(6) designees of a party from which CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION originated.

21. Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to mock jurors engaged by a party or a party's consultant (who has executed the form attached to this Protective Order as Exhibit A) in preparation for trial in this action, provided, however, that (a) the disclosing party or its consultant shall require each mock juror to execute a confidentiality agreement concerning his or her use of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION; and (b) that no mock juror may be a current or former employee, officer, attorney, agent, or director of either party to this litigation. All confidentiality agreements executed pursuant to subsection (a) of this paragraph shall be retained under the control of counsel until final termination of this action. Upon final termination of this action and at the written request of the person designating or producing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, all such agreements executed by each mock juror to whom such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION has been disclosed shall be provided to counsel of record for the person that designated or produced such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

22. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in a manner not specifically authorized under this Protective Order.

23. Unless the parties otherwise stipulate, evidence of the existence or non-existence of a designation under this Protective Order shall not be admissible for any purpose.

24. Nothing in this Protective Order or otherwise shall constitute a waiver of the right of any party to object at trial as to the authenticity, competency, relevance or admissibility of any item, document, or thing designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order.

**Disputes as to Designation**

25. Each party and any non-party shall designate or not designate at its sole discretion, items as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. A party to this Protective Order who receives any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and disagrees with its designation as CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

INFORMATION, in full or in part, shall notify the producing party in writing. After notification, the parties shall confer as to the designation and/or status of the subject information proffered within the context of this Protective Order. If the recipient and producing party are unable to reach agreement upon the designation and/or status of the subject information, any party to this Protective Order may raise the issue of the designation and/or status to the Court. The information shall remain confidential and under the status given to it by the producing party unless and until the Court rules to the contrary. It shall be the burden of the producing party to prove that such designation and/or status is appropriate.

**Survival**

26. This Protective Order shall survive the final termination of this action with respect to any CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION without time limits.

27. Within thirty (30) days of termination of this litigation at the election of the producing party or third person, all copies of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall be destroyed with certification of such destruction provided to counsel for the producing party or shall be returned to counsel for the party or non-party which produced such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, except that counsel of record may keep one copy of a complete set of pleadings, depositions transcripts and exhibits, trial exhibits entered into evidence, and attorney and consultant work product for its own records. Original documents and deposition transcripts shall not be destroyed. The Court shall retain jurisdiction over this Protective Order, adjudicating claims of breach, and administering damages and other remedies.

**Inadvertent Disclosure**

28. Any item or information inadvertently produced by a party or non-party during the course of this litigation without designation of confidentiality may nevertheless subsequently be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order if counsel for the receiving party(ies) (a) receive

written notice from the producing party of the inadvertent failure to designate and the request to thereafter treat such item, document or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and (b) have a reasonable opportunity to advise others to whom such item, document or information had already been disclosed that such item, document or information should be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

29. If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to the rights and remedies of the producing party, and shall use its best efforts to prevent further unauthorized disclosure.

**Modification**

30. The parties may by stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court seeking relief from or otherwise modifying or furthering this Protective Order upon good cause shown.

**Obligation of Parties**

31. All of the parties and their counsel of record undertake to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

32. By entering this order and limiting the disclosure of information in this case, this order shall not preclude another court from finding that information may be subject to disclosure in that case, notwithstanding the existence of this confidentiality order. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated confidential pursuant to this Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

Respectfully submitted,

Wayne E. Willenberg
Michael J. Kane
John A. Dragseth
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Attorneys for Plaintiff
STEIN INDUSTRIES, INC.

Jeffrey M. Thompson
MEAGHER & GEER P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 338-0661
Fax: (612) 338-8384

Gregory J. Lunn
WOOD, HERRON & EVANS
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202-2917
Tel: (513) 241-2324
Fax: (513) 241-7269

Attorneys for Defendant
DISPLAY SPECIALTIES, INC.

IT IS SO ORDERED this 13th day of March, 2001.

Franklin L. Noel
Chief Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stein Industries, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Display Specialties, Inc.,<br><br>Defendant. | 00-CV-2163 JMR/FLN |

I, ______________________________________________, being duly sworn, state:

1. My present address is ___________________________________________

________________________________________________________________________.

2. My present employer is __________________________________________

________________________________________________________________________.

3. The address of my present employer is ____________________________

________________________________________________________________________.

4. My present occupation or job description is _________________________

________________________________________________________________________.

5. I have received a copy of the Protective Order in this case signed by Chief Magistrate Judge Franklin L. Noel.

6. I have carefully read and I understand the provisions of the Protective Order. I agree to abide by the Protective Order, not to disclose any information designated as CONFIDENTIAL INFORMATION and not to use such information other than in assisting counsel of record for _________________________ (one of the named parties).

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL INFORMATION or any portion or substance thereof provided to me in the course of this litigation.

8. I will return all materials containing CONFIDENTIAL INFORMATION or any portions or copies, summaries, abstracts or indices thereof which come into my possession and documents or things which I have prepared relating thereto and containing such CONFIDENTIAL INFORMATION, to counsel of record for the party by whom I am retained or employed, within 30 days of when my services in this matter have been concluded.

9. I understand that if I violate the provisions of this Protective Order I may be subject to, civil liability and/or potential sanctions imposed by the Court.

10. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint __________________________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed:____________________________

SUBSCRIBED and sworn to
before me this _____ day of ____________________ 2001.

__________________________
Notary Public

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stein Industries, Inc.,<br>Plaintiff,<br>v.<br>Display Specialties, Inc.,<br>Defendant. | 00-CV-2163 JMR/FLN |

I, ________________________________________, being duly sworn, state:

1. My present address is ________________________________________________________________________________________.

2. My present employer is ________________________________________________________________________________________.

3. The address of my present employer is ______________________________________________________________________________.

4. My present occupation or job description is ______________________________________________________________________________.

5. I have attached a true and accurate copy of my curriculum vitae or resume, which describes my present and my past ten (10) years of employment, consulting agreements, arrangements, or understandings that I have and have had with any entity that is a developer, vendor, manufacturer, distributor, designer, service provider or reseller of display equipment. My *curriculum vitae* or resume will at minimum state the names of all such companies the type of relationship (e.g., employee) that I had with all such companies and a general description of

the subject matter with which I was involved during the time I had such a relationship with all such companies.

6. I have received a copy of the Protective Order in this case signed by Chief Magistrate Judge Franklin L. Noel.

7. I have carefully read and I understand the provisions of the Protective Order. I agree to abide by the Protective Order, not to disclose any information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and not to use such information other than in assisting counsel for ____________________ (one of the named parties).

8. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or any portion or substance thereof provided to me in the course of this litigation.

9. I will return all materials containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or any portions or copies, summaries, abstracts or indices thereof which come into my possession and documents or things which I have prepared relating thereto and containing such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, to counsel for the party by whom I am retained or employed when my services in this matter have been concluded.

10. I understand that if I violate the provisions of this Protective Order I may be subject to, civil liability and/or potential sanctions imposed by the Court.

11. I will disclose to counsel who employed me whether I am an employee, agent, consultant, vendor or supplier, to or of any competitor of any party, including any third party, whose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to me.

12. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint ________________________________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed: ________________________________

SUBSCRIBED and sworn to
before me this _________ day of ________________________ 2001.

___________________________________

Notary Public

60027946