UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stein Industries, Inc.,

Plaintiff,

v.

Display Specialties, Inc.,

Defendant.

Civil No. 00-2163 JMR/FLN

**REPORT AND RECOMMENDATION**

---

Wayne E. Willenberg, Esq., Michael J. Kane, Esq., and John Adkisson, Esq., for Plaintiff.
Jeffrey M. Thompson, Esq., Gary Holk, Esq., and Gregory J. Lunn, Esq., for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 11, 2001, on Defendant's Motion for Partial Summary Judgment of Count III [#24]. The matter was referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendants' Motion be denied.

## I. FACTUAL BACKGROUND

On July 16, 1999, Plaintiff, Stein Industries, Inc. ("Stein") acquired the Wentworth Patent No. 5,503,279 ("279 Patent"), entitled "Adjustable Display Rack," from inventor Richard W. Wentworth. (See Pl. Mem. in Opp'n to Def. Mot. for Part. Summ. J. on Count II, p. 4) ("Pl. Opp'n Mem.") Two claims of the '279 patent are relevant to this motion: Claims 14 and 15. Claim 14 of the '279 patent describes a:

> *produce display rack* for displaying produce at an angle, comprising: a tilt top having a top end and a bottom end, the tilt top . . . may display produce at an angle; and at least one product stop *attachable* to the tilt top between the top and bottom ends which juts out from the tilt top at an angle relative to the surface of the tilt top to stop produce from rolling down the surface of the tilt top.

FILED JAN 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

(Wentworth Patent '279, Col. 8, lines 46-55.) (emphasis added).

Claim 15 of the '279 patent describes a,

> *produce display rack* for displaying produce at an angle, comprising : . . at least one product step *attachable* to the tilt top between the top and bottom ends which forms a step on the tilt top for supporting and displaying groceries, such as quarts of fruit . . . displayed in a high profile fashion.

(Wentworth Patent '279, Col. 8, lines 55-65.) (emphasis added).

Defendant Display Specialties, Inc. ("Display") contends that there are four pieces of prior art that anticipate and therefore invalidate Claims 14 and 15 of the '279 patent. (See Def.'s Mem. in Supp. of Mot. for Part. Summ. J., p. 2-3.)(Def.'s Supp. Mem..) These prior art are: (1) Hubert's Tilt Top Wire Rack; (2) Hubert's Value Tilt Top merchandiser; (3) The PRC Rack; and, (4) Foreign patent 767,165 entitled Improvements in Display Stands.

Stein contends that none of the four pieces of alleged prior art anticipate the Wentworth '279 patent because Claims 14 and 15, as properly construed, describe limitations that are not present in any of the prior art. Stein argues that the '279 patent describes a "produce display rack" which fits inside a standard refrigerated display case and which has at least one product stop "attachable" to the tilt top between the top and bottom ends which juts out from the tilt top at an angle relative to the surface of the tilt top.

## II. ISSUE

It is undisputed that each of the four items were on sale, described in a printed publication, or were patented more than one year before the filing date of the application which ultimately became the '279 patent. Whether the prior art anticipates Claims 14 and 15 of the '279 patent turns on the construction this Court gives to the terms "produce display rack" and

"attachable". If the terms are construed as Stein claims they should be, then the prior art on which Display relies did not anticipate the '279 patent and Display's motion should be denied. On the other hand, if the terms are construed as Display claims they should be, then the prior art is indistinguishable from the invention claimed in the '279 patent, the patent is invalid and Display's motion to should be granted.

## III. CONCLUSIONS OF LAW

### A. Standard of Review

The law is settled that the same summary judgment standard is to be applied in motions involving patent claims as is applied in other actions. See Union Carbide Corp. v. American Can Co., 724 F. 2d 1567, 1571 (Fed. Cir. 1984); Itron, Inc. v. Cellnet Data Systems, Inc., 34 F. Supp.2d 1135, 1138 (D. Minn. 1999).

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Hegg v. U.S., 817 F.2d 1328, 1331 (8th Cir. 1987); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (holding that the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). When considering a motion for summary judgment, a court should construe all evidence in

favor of the non-moving party. See Anderson, 477 U.S. at 255. However, if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. Id. at 248-49. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. If the opposing party fails to carry that burden, summary judgment should be granted. See Celotex, 477 U.S. at 322.

**B. Legal Analysis**

Defendant contends the '279 patent is invalid because the invention it describes was anticipated by four pieces of prior art. Plaintiff argues that when properly construed, the '279 patent describes limitations which are not present in any of the prior art. To determine validity, then the Court must first construe the meaning of Claims 14 and 15 of the '279 patent. See Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1348 (Fed. Cir. 2001); See also, Markman v. Westview Instruments Inc. ("Westman II"), 517 U.S. 370, 391 (1996) (The construction of a patent claim including the terms of art within the claim is a matter of law within the purview of the Court.) Next, the Court must compare the properly construed claims to the device accused for the trier of fact to determine whether the accused device infringes. See Markman v. Westview Instruments, Inc. ("Markman I"), 52 F. 3d 967, 976 (Fed. Cir. 1995).

The construction of patent claims requires an examination of the intrinsic record evidence, which includes: (1) the patent itself, including the claims; (2) the specification; and (3) the

prosecution history. See Burke, Inc. v. Bruno Indep. Living Aids, Inc., 183 F.3d 1334, 1339 (Fed. Cir. 1999); Spectrum Int'l Inc. v. Serilite Corp., 164 F. 3d 1372, 1378 (Fed. Cir. 1998). The terms of a claim should be given their ordinary meaning unless the inventor intended that the terms should be otherwise construed. See Karlin Tech., Inc. v. Surgical Dynamics, Inc., 177 F. 3d 968, 971 (Fed. Cir. 1999) Thus, a patentee may select his or her own meaning for terms, but must do so by clearly setting forth an explicit definition for the claim term. See Johnson Worldwide Associates, Inc. v. Zebco Corp., 175 F. 3d 985, 990 (Fed. Cir. 1999). In the context of claim construction, a principle benefit of specification is to insure that terms defined in the specification are given the same meaning when used in the claim. See Phillips Petroleum Co. v. U.S. Steel Corp., 673 F.Supp. 1278 (D. Del. 1987).

This Court need not look beyond the plain meaning of the words of the claims, as explained in the specification, in construing the '279 patent. 35 U.S.C. § 102(b) defines anticipation as where "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." As it is undisputed that each of the four pieces of prior art relied upon by Display were either published, on sale or patented more than one year before the filing date of the application that gave rise to the '279 patent, if Display is correct in its construction of the phrase "produce display rack", and the term "attachable", then it is clear that the prior art anticipates Claims 14 and 15 of the '279 patent, and the patent is invalid. The Court, however, agrees with Stein; the phrase "produce display rack" must be read to mean one which fits inside a standard produce case; the term"attachable" means capable of being attached to the tilt top by two or more points of attachment.

The phrase "produce display rack" is used in both Claims 14 and 15 of the '279 patent. The patent's specification makes several references to a produce display rack that *"fits standard display cases".* See '279 Patent, Col. 1, lines 23-38, 39-43, 66-67, Col. 2 lines 1-7. In addition statements from the '279 patent embodiment indicate the inventor's intent to limit the produce display rack *"to fit inside a display wall case"* and " . . . assembled by first locking the base frame 12 to *a display wall case* as discussed hereabove." Id., Col. 2, lines 36-38, and Col. 4, lines 10-12 (emphasis added). When read as it should be, it is clear that the phrase "produce display rack" as used in Claims 14 and 15 of the '279 patent means a produce display rack that is designed to fit inside a display wall case. Contrary to the Defendant's argument, by giving the phrase "produce display rack" the meaning intended by the inventor, the Court is not adding a new limitation to the claims. Instead the Court is simply reading the claims in view of the specification of which they are a part. See Markman v. Westview, 52 F.3d 967 (Fed.Cir. 1995), aff'd 517 U.S. 370 (1996).

It is undisputed that none of the prior art, on which Display relies, is capable of fitting into a standard display case. Therefore, Claims 14 and 15 describe a limitation not present in the prior art relied upon by Display.

The term "attachable" is also used in both Claims 14 and 15 of the '279 patent. The Court construes "attachable" to mean, capable of being attached, fastened or affixed to the tilt top. This construction finds support in the patent's specification, wherein the inventor describes how the product step and product stop can be attached to the tilt top. See id., Col. 4, lines 59-60, 62-63 and Col.5, lines 32-37. In any event, regardless of whether the term "attachable" is given the precise meaning argued for by Plaintiff, or a more general common sense meaning, in order to anticipate the '279 patent, the prior art must disclose product stops and/or steps which are capable of being

fastened, affixed or attached to the tilt top. None of the prior art upon which Defendant relies discloses any such capability. At most the prior art shows stops and steps which rest upon the tilt top or which are compressed between raised side walls that emerge around the perimeter of the tilt top at a 90° angle to the tilt top. None of the prior art shows attachable steps or stops. As Claims 14 and 15 describe a limitation not present in the prior art relied upon by the Display, the prior art does not anticipate the '279 patent and does not therefore invalidate it.

**C. Conclusion**

As the claims, when properly construed, describe limitations not present in the prior art, the '279 patent is not invalid, and Display's Motion to Dismiss Count III must be denied.

**III. RECOMMENDATION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Partial Summary Judgment of Count III [#24] be **DENIED**.

DATED: 1/15, 2002.

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.