UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stein Industries, Inc.,

Plaintiff,

v.

Display Specialties, Inc.,

Defendant.

Civil No. 00-2163 JMR/FLN

**ORDER**

---

John C. Adkisson, for Plaintiff.
Jeffery Thompson, & Gregory Ahrens, for Defendant.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on July 1, 2002 on Plaintiff's Motion to Compel Discovery [#87].

The Plaintiff contends that Defendant intends to rely on two opinions of counsel to defend against Plaintiff's claim of willful infringement of the patent-in-suit, U.S. Patent No. 5,503,279. Plaintiff in pursuit of a competency challenge of Mr. Schmit's opinion, requests the private files, notes, and invoices used in preparation of his opinion. Defendant responds that the information requested is protected by the Work Product Doctrine and should not be compelled.

Willful infringement focuses on the intent of the accused infringer and not counsel's mental impressions in preparation of the opinion. See Steelcase v. Haworth, Inc., 954 F. Supp. 1195, 1198 (W.D. Mich. 1997). Following the reasoning in Steelcase, Inc., this Court concludes the scope of the waiver is not as broad as contended by the Plaintiff, because the information regarding the subject matter of the opinion was not provided *by the client* to the attorney. In this case, the scope of the waiver appears narrow, since it pertains to the attorney's state of mind. Id. at 1199. It is not

FILED 7-5-2
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

apparent to this Court that Mr. Schmit's work product leading up to the opinion has been communicated to the client. Therefore, the documents withheld appear to be work product, and the work product immunity has not been waived.

**ORDER**

Based upon the files, records, and proceedings herein, it is hereby **ORDERED** that Plaintiff's motion to compel discovery [#87] is **GRANTED in Part and DENIED in Part**.

1. Insofar as Plaintiff's Motion seeks Mr. Schmit's Invoices as they relate to hours and fees, it is **GRANTED**.

2. Insofar as the Plaintiff's Motion seeks substantive hand-written notes, marginalia, and related documents, it is **DENIED**.

DATED: July 3, 2002.

FRANKLIN L. NOEL
United States Magistrate Judge